### In re PANTOPAQUE PRODUCTS LIABILITY LITIGATION.

**Daryl ABBENT, et al.**

v.

**EASTMAN KODAK CO., et al., D. New Jersey, C.A. No. 90–3436(HAA).**

**Marian K. LOWE, et al.**

v.

**EASTMAN KODAK CO., et al., D. Maryland, C.A. No. B–91–3246.**

**MDL No. 920.**

Judicial Panel on Multidistrict Litigation.

April 7, 1992.

Before JOHN F. NANGLE, Chairman, and S. HUGH DILLIN,* MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, Jr.,* and WILLIAM B. ENRIGHT, Judges of the Panel.

### TRANSFER ORDER

This litigation presently consists of two actions, one action each in the District of New Jersey and the District of Maryland. Before the Panel is a motion by the Maryland plaintiffs to transfer, under 28 U.S.C.

took no part in the decision of this matter.

§ 1407, the Maryland action to the District of New Jersey for coordinated or consolidated pretrial proceedings with the action pending there. Defendants oppose the motion.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the District of New Jersey will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share questions of fact concerning whether Pantopaque, a contrast dye used in myelogram diagnostic procedures, causes arachnoiditis and, if so, whether this propensity was adequately disclosed to treating physicians and/or their patients. Centralization under Section 1407 is desirable in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of New Jersey is the appropriate transferee forum for this docket. We note that the first-filed and most advanced action is pending there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed above and pending in the District of Maryland be, and the same hereby is, transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Harold A. Ackerman for coordinated or consolidated pretrial proceedings with the action pending there.